UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENVEN ENERGY VENTURES, LLC | CIVIL ACTION NO. 6:17-CV-01573 |
| VERSUS | JUDGE DOUGHTY |
| GEMINI INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## **ORDER**

Currently pending is defendant Gemini Insurance Company's motion to transfer venue. (Rec. Doc. 10). Before ruling on that motion, the court must satisfy itself that it has subject-matter jurisdiction over this action. Absent subject-matter jurisdiction, a federal district court can take no action whatsoever.[1]

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] Accordingly, federal courts

---

[1] *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868), rev'd by *Ruhrgas AG v. Marathon Oil Co.*, 119 S.Ct. 1563, 1567 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."). See, also, e.g., *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000) (lacking subject-matter jurisdiction, the court could not grant a motion for voluntary dismissal with prejudice); *Williams v. Liberty Mutual Ins*. Co., No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005) (holding that the court could not rule on a motion for change of venue or a motion for default judgment because it lacked subject-matter jurisdiction).

[2] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[5] Therefore, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case.[6] In fact, federal courts have a continuing obligation to examine the basis for their jurisdiction, and the issue may be raised by the court *sua sponte* at any time.[7]

In this case, the plaintiff alleged in its complaint that this court has subject-matter jurisdiction on the basis of diversity under 28 U.S.C. § 1332 or, alternatively, under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*. The party invoking a federal court's jurisdiction has the burden of establishing the

---

[3] 28 U.S.C. § 1331.

[4] 28 U.S.C. § 1332.

[5] *Howery v. Allstate*, 243 F.3d at 916.

[6] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

[7] *MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173* (5th Cir. 1990).

court's subject-matter jurisdiction.[8] Therefore, in this case, the plaintiff, EnVen Energy Ventures, LLC, must bear that burden.

A.   **DIVERSITY JURISDICTION**

In the complaint, the plaintiff did not establish that the parties are diverse in citizenship. The plaintiff alleged that the defendant is a corporation organized under Delaware law with its principal place of business in Connecticut. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[9] Therefore, the plaintiff established that Gemini is a citizen of both Delaware and Connecticut. The plaintiff alleged that it is a Louisiana limited liability company with its principal place of business in Texas. But the citizenship of a limited liability company is not determined in the same way as the citizenship of a corporation. A limited liability company is a citizen of every state in which any member of the company is a citizen,[10] and the citizenship of an LLC is determined by the citizenship of all of its members.[11] Therefore, the diversity analysis for a limited

---

[8]   *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[9]   28 U.S.C. § 1332(c)(1).

[10]  See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[11]  *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf*, 542 F.3d at 1080.

liability company requires a determination of the citizenship of every member of the company.[12] If any one of the members is not diverse, the limited liability company is not diverse. The plaintiff's failure to identify each of its members and its failure to state each member's citizenship prevents this Court from being able to determine whether the parties are diverse in citizenship.

The second requirement for diversity jurisdiction is an amount in controversy exceeding $75,000. In this case, the plaintiff expressly alleged in its complaint that the amount in controversy exceeds $75,000. "A simple allegation by Plaintiff that the amount exceeds $75,000 is sufficient to establish the amount in controversy if made in good faith."[13] There is nothing in the complaint suggesting that EnVen's allegation concerning the amount in controversy was not made in good faith. Accordingly, this Court finds that the amount-in-controversy requirement is satisfied.

---

[12] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

[13] *Chesapeake Louisiana, L.P. v. White*, No. 08-1582, 2009 WL 144991, at *1 (W.D. La. Jan. 20, 2009) (citing *Olan Mills, Inc. of Tenn. v. Enterprise Pub. Co.*, 210 F.2d 895, 896 (5th Cir.1954)). See, also, e.g., *Keller v. Kubota Tractor Corporation*, No. 2:16-CV-184, 2016 WL 10931440, at *1 (S.D. Tex. Aug. 22, 2016); *Medallion Transport & Logistics LLC v. Superior Choice Logistic, Inc*, No. 3:14-CV-4361-L, 2016 WL 775697, at *2 (N.D. Tex. Feb. 29, 2016).

B.  **OSCLA JURISDICTION**

EnVen alternatively alleged that the court has subject-matter jurisdiction under the OCSLA. This Court, however, is not convinced that the OCSLA's jurisdictional grant is broad enough to encompass the situation presented here, where the dispute is solely between an insured and an insurer as to the insurer's defense and indemnity obligations and was presented in a free-standing lawsuit not including an injury claim against the insured.

C.  **WHAT LAW APPLIES**

If the court has diversity jurisdiction, then Louisiana's substantive law[14] and its choice of law rules[15] will apply.

If the court has jurisdiction under the OCSLA, then the court must examine the OCSLA's choice of law provision and decide whether state, federal, or maritime law applies to that particular case.[16] The OCSLA states that

---

[14] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003); *ACS Construction CO., Inc. of Mississippi v. CGU*, 332 F.3d 885, 888 (5th Cir. 2003) (In a diversity case, "[w]e look to state law for rules governing contract interpretation.").

[15] *Burdett v. Remington Arms Company, L.L.C.*, 854 F.3d 733, 735 (5th Cir. 2017) ("A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state when a conflict of law exists.").

[16] *Petrobras America, Inc. v. Vicinay Cadenas, S.A.*, 815 F.3d 211, 215 (5th Cir. 2016); *In re DEEPWATER HORIZON*, 745 F.3d at 164.

[t]o the extent that they are applicable and not inconsistent. . ., the civil and criminal laws of each adjacent State. . . are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf. . . .[17]

Therefore,

for adjacent state law to apply as surrogate federal law under OCSLA, three conditions are significant. (1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law.[18]

The plaintiff alleged that the underlying lawsuit arose out of an injury off the coast of Louisiana, but there has been a suggestion that Texas law might apply in this case. If the court has jurisdiction, the next issue to be resolved will be what law applies.

Accordingly,

IT IS ORDERED that, not later than April 27, 2018, the plaintiff shall file a memorandum (a) setting forth specific facts (established by summary-judgment-type evidence) that support a finding that the parties are diverse in citizenship; or (b)

---

[17] 43 U.S.C. § 1333(a)(2)(A).

[18] *Union Texas Petroleum Corp. v. PLT Engineering, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990).

setting forth governing statutory or jurisprudential authority for the proposition that the court has subject-matter jurisdiction over this contract dispute under OCSLA; and (c) addressing what law should apply in resolving the parties' dispute. The defendant will have seven days to respond. No reply briefs will be permitted. A ruling on the court's subject-matter jurisdiction will be issued in due course.

Signed at Lafayette, Louisiana on this 6th day of April 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE