UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENVEN ENERGY VENTURES, LLC | CIVIL ACTION NO. 6:17-CV-01573 |
| VERSUS | JUDGE DOUGHTY |
| GEMINI INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending is defendant Gemini Insurance Company's motion to transfer venue. (Rec. Doc. 10). Before ruling on that motion, this Court raised the issue of subject-matter jurisdiction *sua sponte* and required the parties to address that issue because, absent subject-matter jurisdiction, a federal district court can take no action whatsoever.[1] Having found that the court lacks subject-matter jurisdiction, this Court will recommend that the motion to transfer venue be denied as moot and this action be dismissed.

---

[1]   *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868), rev'd by *Ruhrgas AG v. Marathon Oil Co*., 119 S.Ct. 1563, 1567 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter. . . ."). See, also, e.g., *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000) (lacking subject-matter jurisdiction, the court could not grant a motion for voluntary dismissal with prejudice); *Williams v. Liberty Mutual Ins*. Co., No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005) (holding that the court could not rule on a motion for change of venue or a motion for default judgment because it lacked subject-matter jurisdiction).

## BACKGROUND

In this lawsuit, EnVen Ventures, LLC, sued Gemini Insurance Company for breach of contract and declaratory judgment, alleging that Gemini issued commercial general liability and commercial umbrella liability insurance policies to EnVen that afford coverage for claims asserted in another lawsuit, styled *Wilson J. Batiste v. Pharma-Safe Industrial Services, Inc., et al.*, Civil Action No. 6:16-cv-00813, which is also pending in this court. EnVen alleged that the court has subject-matter jurisdiction in the instant lawsuit under 28 U.S.C. § 1332 because EnVen and Gemini are diverse in citizenship and the amount in controversy exceeds $75,000; EnVen alternatively alleged that the court has subject-matter jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*.

## LAW AND ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[3] Therefore, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-

---

[2] *Kokkonen v. Guardian Life Ins. Co. of* America, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[3] *Howery v. Allstate*, 243 F.3d at 916.

2

matter jurisdiction over a case.[4]  In fact, federal courts have a continuing obligation to examine the basis for their jurisdiction, and the issue may be raised by the court *sua sponte* at any time.[5]

The party invoking a federal court's jurisdiction has the burden of establishing the court's subject-matter jurisdiction.[6]  Because EnVen filed its suit against Gemini and alleged in its complaint that the court has subject-matter jurisdiction under either the diversity statute or under the OCSLA, EnVen must bear the burden of establishing subject-matter jurisdiction.

**A.    DIVERSITY JURISDICTION**

There are two criteria for diversity jurisdiction:  the first is an amount in controversy exceeding $75,000, and the second is complete diversity of citizenship among the parties.

In its compliant, EnVen expressly alleged that the amount in controversy exceeds $75,000.  (Rec. Doc. 1 at 2).  A simple allegation by Plaintiff that the amount exceeds $75,000 is sufficient to establish the amount in controversy if made in good

---

[4]    *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

[5]    *MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173* (5th Cir. 1990).

[6]    *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

faith.[7] Nothing in the record suggests that EnVen's allegation concerning the amount in controversy was not made in good faith. Accordingly, this Court finds that the amount-in-controversy requirement is satisfied.

But EnVen did not establish, in its complaint or in its subsequent briefing, that the parties are diverse in citizenship. EnVen is a limited liability company, while Gemini is a corporation. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business,[8] while a limited liability company is a citizen of every state in which any member of the company is a citizen.[9] Because the citizenship of a limited liability company is determined by the citizenship of all of its members,[10] the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[11] "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a

---

[7] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[8] 28 U.S.C. § 1332(c)(1).

[9] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[10] *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf*, 542 F.3d at 1080.

[11] See *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

litigation."[12] If any one of the members is not diverse, the limited liability company is not diverse.

The briefing submitted by the parties established that Gemini is a corporation organized under Delaware law with its principal place of business in either Connecticut or Arizona. (Rec. Doc. 1 at 2; Rec. Doc. 10-4 at 1). Accordingly, the plaintiff established that Gemini is a citizen of Delaware and either Connecticut or Arizona.

EnVen represented in its response to this Court's briefing order that "[b]ased on a thorough investigation of EnVen's members and their residences, EnVen has determined that it is not diverse in citizenship with Gemini." (Rec. Doc. 23 at 11, n. 5). In its supplemental briefing, EnVen stated that its sole member is a Delaware citizen. (Rec. Doc. 30 at 2). How EnVen arrived at that conclusion is unclear. While EnVen stated that it is owned 100% by EnVen Energy Ventures Holdings, LLC ("Holdings"), and alleged that Holdings is a Delaware Limited liability company, EnVen did not identify the members of that company or state the members' citizenship. Absent that information, this Court cannot determine the citizenship of Holdings, cannot determine the citizenship of EnVen, and cannot determine whether EnVen is diverse in citizenship from Gemini.

---

[12] *Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017).

Therefore, EnVen did not satisfy its burden of establishing (a) the citizenship of the parties and (b) that the parties are diverse in citizenship. This Court consequently finds that the court does not have has subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

**B.    OSCLA J**URISDICTION

EnVen alternatively alleged that the court has subject-matter jurisdiction under the OCSLA because the underlying dispute articulated in Mr. Batiste's personal injury lawsuit arose out of an injury sustained while Mr. Batiste was working on an offshore platform located on the Outer Continental Shelf. The OCSLA states that "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with. . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves right to such minerals. . . ."[13] It is undisputed that the court has jurisdiction over Mr. Batiste's lawsuit under the OCSLA. Mr. Batiste was working as a sandblaster at the time of his injury and was engaged in the process of maintaining or repairing a fixed platform located at Ewing Block 1003 off the coast of Louisiana when he was injured. It is undisputed that the purpose of the platform

---

[13]    43 U.S.C. § 1349(d)(1).

was to facilitate the exploration for or production of oil or natural gas from the Outer Continental Shelf. But the issue presented here is whether the OCSLA's jurisdictional grant is broad enough to encompass a dispute solely between an insured and an insurer as to the insurer's defense and indemnity obligations presented in a free-standing lawsuit not presenting an injury claim against the insured based on operations on the Outer Continental Shelf.

OCSLA jurisdiction has been found in several cases presenting contractual disputes and a "but for" test is employed to determine whether OCSLA jurisdiction exists. The Fifth Circuit has noted that "the statutory grant of subject matter jurisdiction over cases and controversies 'arising out of or in connection with' operations involving resource exploitation on the [Outer Continental] Shelf is straightforward and broad."[14] The OCSLA's jurisdictional grant requires only a but-for connection between the plaintiff's claim and operations on the Outer Continental Shelf.[15] "Courts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation."[16] However,

---

[14] *Petrobras America, Inc. v. Vicinay Cadenas, S.A.*, 815 F.3d 211, 215 (5th Cir. 2016).

[15] *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014).

[16] *In re Deepwater Horizon*, 745 F.3d at 163.

without providing any examples, the Fifth Circuit has allowed that there may be situations in which the connection between the cause of action and OCS operations are too remote to establish federal jurisdiction.[17]

The issue to be decided in this case is not whether EnVen is liable for the injuries that Mr. Batiste allegedly sustained during operations on the OCS but whether Gemini has breached the obligations that it owes to EnVen under the insurance policies that it issued to EnVen. The parties have not identified a single reported decision in which an insured's free-standing claim against its insurer has been held to fall within OCSLA jurisdiction, and this Court was similarly unable to locate one. This Court finds the nature of the contract between EnVen and Gemini and the nature of the dispute between EnVen and Gemini are substantively different from the contracts and disputes in the cases cited by EnVen in which OCSLA jurisdiction was found to exist. Certainly, a contract for the construction of an offshore pipeline arises out of OCS activities,[18] as does a contract for the partition of property located on the OCS,[19] or master service agreements that control the apportionment of liability in the event of an accident during various operations on

---

[17] *In re Deepwater Horizon*, 745 F.3d at 163.

[18] *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir. 1985).

[19] *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994).

the OCS.[20] If this were a situation in which the dispute was between someone injured during OCS operations and an insurer that might provide indemnity, the result might be different.[21] But EnVen's claim against Gemini – a first-party claim between an insured and its insurer – did not arise out of operations on the OCS; it arose solely out of the terms and provisions of the insurance policies themselves. While the court might exercise supplemental jurisdiction over such a claim if it were asserted in the context of a claim for personal injuries, such as the lawsuit brought by Mr. Batiste against EnVen and others, this Court finds that EnVen's free-standing claim for a declaration that Gemini owes it defense and indemnity is too attenuated from oil and gas exploration and production activities on the Outer Continental Shelf to fall within the broad reach of OCSLA jurisdiction.

This conclusion is consistent with the principle that, in a contract case, the controversy arises under an OCSLA situs if a majority of the work called for by the

---

[20] See, e.g., *Alleman v. Omni Energy Servs. Corp.*, 580 F.3d 280 (5th Cir. 2009); *Thibeaux v. Merit Energy Co., LLC*, 920 F.Supp.2d 706 (W.D. La. 2013); *Simon v. Int'l Marine, LLC*, No. 07-0427, 2009 WL 304740 (W.D. La. Feb. 6, 2009); *Greer v. Services, Equipment and Engineering, Inc.*, 593 F.Supp. 1075, 1077 (E.D. Tex. 1984) (stating that the OCSLA applies to a contract that "applied to work to be done on a drilling rig on the Outer Continental Shelf."). In *Ace American Ins. Co. v. M-I, L.L.C.*, 699 F.3d 826 (5th Cir. 2012), however, "[t]he sole issue on appeal is whether, pursuant to the OCSLA, Louisiana law governs the indemnity provisions," and subject-matter jurisdiction was based on diversity as per Rec. Doc. 1 at 8, Civil Action No. H-11-1380, United States District Court for the Southern District of Texas.

[21] In *Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150 (5th Cir. 1996), for example, a vessel allided with a stationary platform and the owner of the platform directly sued the insurer of the vessel. Removal to federal court under OCSLA jurisdiction was permitted.

contract is on stationary platforms or other enumerated OCSLA situses.[22] When the insurance policies are examined in light of the focus-of-the-contract test, it is apparent that the territory covered by the policies does not focus on the OCS. Gemini's commercial liability policy "applies to CLAIMS or SUITS, arising from OCCURRENCES or offenses, in the United States of America (including its territories and possessions), United States Federal Lease Blocks (including state waters), Puerto Rico, and Canada. It also applies to international waters and airspace. . ." under certain circumstances. (Rec. Doc. 23-7 at 16). Coverage is also afforded in "other parts of the world" with regard to certain types of claims. (Rec. Doc. 2307 at 16). Coverage A of the excess policy is applicable "anywhere that the applicable UNDERLYING INSURANCE applies" while Coverage B of that policy is applicable "anywhere, with the exception of any country or jurisdiction which is subject to trade or other economic sanction or embargo by the United States of America." (Rec. Doc. 23-8 at 14). Since "the jurisdictional grant of section 1349 should be read co-extensively with the substantive reach of section 1333,"[23] OCSLA jurisdiction cannot apply in a contract case if the contract does not meet the focus-of-the-contract test.

---

[22] *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 787 (5th Cir. 2009).

[23] *EP Operating Ltd. Partnership v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994).

As noted above, the Fifth Circuit has stated that courts assess OCSLA jurisdiction in terms of (1) whether the activities that caused the injury constituted an operation conducted on the Outer Continental Shelf that involved the exploration and production of minerals and (2) whether the case arises out of or in connection with that operation. The insurance policies at issue in this lawsuit did not focus on the OCS, and Gemini's decision not to defend or indemnify EnVen did not constitute an operation conducted on the Outer Continental Shelf. Therefore, EnVen did not establish that the court has subject-matter jurisdiction under the OCSLA.

## CONCLUSION

For the foregoing reasons, this Court finds that the plaintiff, EnVen Energy Ventures, LLC, failed to satisfy its burden of establishing that the court has subject-matter jurisdiction over this action. For that reason, it is recommended that Gemini's motion to transfer venue (Rec. Doc. 10) be denied as moot and that this case be dismissed without prejudice.

Signed at Lafayette, Louisiana on this 8th day of June 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE